Richard Morin (SBN 285275)
Law Office of Rick Morin, PC
500 Newport Center Drive Suite 610
Newport Beach, CA 92660
Phone: (949) 996-3094
Email: legal@rickmorin.net

Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Sherwin David Partowashraf,<br><br>　　　　Plaintiff,<br>　v.<br><br>Nassa Sons Inc. dba Anarbagh Restaurant,<br><br>　　　　Defendant. | Case No.<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>**Jury Trial Demanded** |

Plaintiff Sherwin David Partowashraf ("Plaintiff") alleges the following:

## INTRODUCTION

Plaintiff brings this action against Defendant Nassa Sons Inc. dba Anarbagh Restaurant ("Nassa Sons") for unlawfully and intentionally discriminating against Plaintiff because of Plaintiff's disability and service animal and denying Plaintiff equal access to the Anarbagh Restaurant at 17312 Ventura Boulevard in Encino, California ("Anarbagh Restaurant").

## PARTIES

1. Plaintiff is a natural person. Plaintiff is and has been considered disabled.
2. Nassa Sons is a California Corporation with its principal place of business

in Encino, California. At all times relevant to this complaint, Nassa Sons owned, managed, operated, and/or otherwise was responsible for Anarbagh Restaurant.

## JURISDICTION AND VENUE

3. The Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3) & (a)(4) for violations of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101, et seq.

4. Pursuant to supplemental jurisdiction, 28 U.S.C. § 1367, an attendant and related cause of action, arising from the same nucleus of operative facts and arising out of the same transactions, is also brought under California state law.

5. Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that the Anarbagh Restaurant is in this district and Plaintiff's cause of action arose in this district.

## FACTUAL ALLEGATIONS

6. Plaintiff is disabled.

7. Plaintiff suffers from, among other things, scoliosis and degenerative disc disease in Plaintiff's back. These issues create mobility issues, including causing Plaintiff to walk off balance and negatively impacting his stability, which substantially limit major life activities, directly affecting Plaintiff's daily life because of the limits they place on his unassisted mobility.

8. Plaintiff utilizes the services of a trained service animal, a dog.

9. Plaintiff's service animal is specifically trained to help Plaintiff maintain stability as Plaintiff walks and brace Plaintiff when he needs help staying balanced or help getting up.

10. Plaintiff's service animal not only improves Plaintiff's physical abilities, but also increases Plaintiff's independence and confidence.

11. Defendant owns and operates the Anarbagh Restaurant located at 17312 Ventura Boulevard in Encino, California.

12. On Saturday, February 18, 2023, Plaintiff visited the Anarbagh Restaurant

to eat with his service animal.

13. Unfortunately, Defendant denied Plaintiff access to the restaurant because of Plaintiff's service animal.

14. Specifically, Defendant's employee told Plaintiff that his service animal was causing other patrons to be afraid. However, Plaintiff did not notice any other customer appearing to be "afraid" of his loveable service animal.

15. While it is understandable that some patrons may be afraid of dogs, it is important to remember that service dogs are trained and are under the control of their handlers.

16. Moreover, allowing individuals with disabilities to be accompanied by their service animals in public places helps to promote their independence and social inclusion. It also enables them to access the same opportunities as everyone else and fully participate in daily activities without facing unnecessary barriers.

17. Plaintiff informed Defendant's employee that his dog was a service animal, but they would not relent.

18. They asked Plaintiff to leave, and he did so, unable to dine at the restaurant because of Defendant's discrimination.

19. Plaintiff would like to return to the Anarbagh Restaurant once they cease their discriminatory conduct. The restaurant is less than three miles from Plaintiff's residence, and it is a convenient and attractive dining option close to where he lives.

## FIRST CAUSE OF ACTION

Violations of the Americans with Disabilities Act

42 U.S.C. § 12101, et seq.

20. Plaintiff hereby incorporates the previous paragraphs as if they had been fully stated herein.

21. Title III of the ADA bans disability discrimination against an individual in places of public accommodation.

22. Anarbagh Restaurant is a public accommodation.

23. Anarbagh Restaurant is a restaurant or other establishment serving food or drink.

24. The ADA prohibits, among other types of discrimination, failure to make reasonable modifications in policies, practices, or procedures when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities.

25. Nassa Sons has a policy that restricts and denies access to patrons like Plaintiff.

26. Nassa Sons's conduct knowingly and willfully excluded Plaintiff from equal access to the public accommodation.

27. As a result of Nassa Sons's conduct, denying Plaintiff equal access to the Anarbagh Restaurant, Plaintiff faces continuing discrimination. Plaintiff continues to suffer denial of access and faces the prospect of unpleasant and discriminatory treatment should Plaintiff attempt to return to the Anarbagh Restaurant.

28. It is readily achievable for Nassa Sons to provide Plaintiff and other disabled people like Plaintiff full and equal access to the Anarbagh Restaurant.

29. Nassa Sons does not have any legitimate business justification to excuse the denial of Plaintiff's equal access.

30. Plaintiff seeks relief pursuant to remedies set forth in section 204(a) of the Civil Rights Act of 1964 (42 USC 2000(a)-3(a)), and pursuant to Federal Regulations adopted to implement the Americans with Disabilities Act of 1990. Plaintiff is a disabled person for purposes of the ADA who is being subjected to discrimination on the basis of disability in violation of Title III and who has reasonable grounds for believing Plaintiff will be subjected to such discrimination each time that Plaintiff may use the property and premises, or attempt to patronize the Anarbagh Restaurant, in light of Nassa Sons's conduct.

31. Nassa Sons's acts have proximately caused and will continue to cause irreparable injury to Plaintiff if not enjoined by this Court.

32. Plaintiff seeks injunctive relief as to Nassa Sons's inaccessible policies. Plaintiff seeks preliminary and permanent injunctive relief to enjoin and eliminate the discriminatory practices that deny full and equal access for disabled persons. Further, Plaintiff seeks an award of reasonable statutory attorney fees, litigation expenses, and costs.

## SECOND CAUSE OF ACTION

Violations of the Unruh Civil Rights Act

California Civil Code §§ 51-53

33. Plaintiff hereby incorporates the previous paragraphs as if they had been fully stated herein.

34. Nassa Sons intentionally discriminated against Plaintiff, denying Plaintiff full and equal access to the Anarbagh Restaurant.

35. Anarbagh Restaurant is a business establishment.

36. The Unruh Act provides that a violation of the ADA is a violation of the Unruh Act. Cal. Civ. Code 51(f).

37. Nassa Sons's acts and omissions as specified with regard to the discriminatory treatment of Plaintiff, on the basis of Plaintiff's disabilities, have been in violation of California Civil Code §§ 51 and 51.5, the Unruh Civil Rights Act, and have denied Plaintiff's right to full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

38. Plaintiff was harmed.

39. Nassa Sons's conduct was a substantial factor in causing Plaintiff's harm.

40. Nassa Sons's conduct violated the ADA.

41. As a result of the violation of Plaintiffs civil rights protected by California Civil Code §§ 51 and 51.5, Plaintiff is entitled to the rights and remedies of California Civil Code § 52, including a trebling of actual damages, minimum statutory damages, as well as reasonable attorneys' fees and costs, as allowed by statute, according to proof.

42. Plaintiff also seeks to enjoin Nassa Sons from violating disabled persons'

rights.

## **PRAYER**

Plaintiff hereby prays for the following:

1. Injunctive relief enjoining Nassa Sons from engaging in unlawful discrimination against disabled persons with service animals when visiting the Anarbagh Restaurant, including, specifically, enjoining its policy of denying access to persons with service animals access to the Anarbagh Restaurant without performing a good faith assessment of the reasonableness of modifying it policies to accommodate such disabled person; in addition injunctive relief compelling Defendant to establish and follow, in good faith, a policy to conduct a good faith assessment when evaluating a visitor with a service animal and/or other such injunctive relief as the deems appropriate;

2. Damages of no less than $25,000;

3. Attorney's fees pursuant to 42 U.S.C. 12205, Civil Code sections 52, Code of Civil Procedure section 1021.5, and/or other statute(s), expenses, and costs of suit;

4. Other relief that the court deems appropriate.

Dated: March 6, 2023

Law Office of Rick Morin, PC

_____

Richard Morin
Attorney for Plaintiff